J-A23020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE DAVIS, | |
| Appellant | No. 1739 WDA 2018 |

Appeal from the Judgment of Sentence Entered November 16, 2018
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0002029-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED  DECEMBER 6, 2019

Appellant, Wayne Davis, appeals from the judgment of sentence of an aggregate term of 12 to 24 years' incarceration, imposed after he entered a negotiated guilty plea to possession with intent to deliver a controlled substance (35 P.S. § 780-113(a)(30)), dealing in the proceeds of unlawful activities (18 Pa.C.S. § 911(a)(1)), corrupt organizations (18 Pa.C.S. § 911(b)(1)), and two counts of criminal conspiracy (18 Pa.C.S. § 903).  On appeal, Appellant contends that his guilty plea was not knowing, intelligent, and voluntary.  We affirm.

Appellant was charged with various offenses, including those set forth above, after "a statewide investigating grand jury conducted an investigation into the reported sale of controlled substances, namely heroin, by various individuals during 2015 and 2016 in the Altoona, Pennsylvania[,] area."  Trial

Court Opinion (TCO), 4/23/19, at 2. On November 16, 2018, Appellant entered a negotiated guilty plea to the charges set forth supra, and the court sentenced him that same day to the agreed-upon, aggregate term of 12 to 24 years' incarceration. He did not file a post-sentence motion.

On December 7, 2018, Appellant filed a timely, pro se notice of appeal. This Court subsequently ordered the trial court to appoint Appellant counsel, which the court did. We then remanded the case for counsel to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel filed that Rule 1925(b) statement, and the trial court issued a Rule 1925(a) opinion on April 23, 2019. Herein, Appellant states one issue for our review:

> 1) [Was Appellant's] guilty plea made intelligently, knowingly, and voluntarily when the oral and written guilty plea colloquy fail[ed] to set forth any factual basis for the guilty plea, lack[ed] any description of the nature of the charges[,] and fail[ed] to inform [Appellant] of the court's power to deviate from any recommended sentence as required by Commonwealth v. Flanagan, 854 A.2d 489 (Pa. 2004)[,] and ... Pennsylvania Rule[] of Criminal Procedure 590[?]

Appellant's Brief at 9.

Preliminarily, the Commonwealth contends that Appellant has waived his challenge to the validity of his guilty plea by not raising this claim before the trial court at the plea proceeding, or in a post-sentence motion. The Commonwealth explains:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either

- 2 -

measure results in waiver. See Commonwealth v. Tareila, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006)[,] stating:

> We recognize that Appellant's remaining claims are waived because Appellant failed to file a post-sentence motion seeking to withdraw his guilty plea. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. Commonwealth v. Watson, 835 A.2d 786, 791 (Pa. Super. 2003). In order to preserve an issue related to the guilty plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion. Commonwealth v. D'Collanfield, 805 A.2d 1244, 1246 (Pa. Super. 2002).
>
> Historically, Pennsylvania courts adhere to this waiver principle because "it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." Commonwealth v. Roberts, 352 A.2d 140, 141 (Pa. Super. 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court[.]").
>
> Instantly, in light of the foregoing authority, [Appellant] cannot obtain review of his claim on direct appeal because he failed to preserve it properly by either objecting during the plea colloquy or by filing a post-sentence motion to withdraw the plea. See Pa.R.Crim.P. 720(B)(1)(a)(i); Commonwealth v. Lincoln, 72 A.3d 606, 609-11 (Pa. Super. 2013).

Id. at 6-8. Notably, Appellant offers no response to the Commonwealth's waiver argument.

Our review of the record confirms that Appellant at no point challenged the validity of his guilty plea before the trial court. Therefore, we agree with the Commonwealth that he has waived his issue for our review.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2019

_____

[1] Nevertheless, even had Appellant preserved his claim, we would conclude that he has not demonstrated a manifest injustice warranting the post-sentence withdrawal of his plea. Commonwealth v. Kehr, 180 A.3d 754, 756-57 ("A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea.") (citation omitted). As we explained in Kehr,

> Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.

Id. at 757 (citation omitted). In this case, the trial court aptly explains why the totality of the circumstances surrounding Appellant's plea demonstrates that it was knowing, voluntary, and intelligent. See TCO at 4-15. Thus, had Appellant preserved his claim for our review, we would adopt the trial court's rationale and conclude that he is not entitled to withdraw his plea.